**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| **GENE CINTRON, individually and on behalf of all others similarly situated;** § § § | **CASE NO. _____** |
| **Plaintiffs,** § § | |
| vs. § § | **JURY TRIAL DEMANDED** |
| **BJ'S WHOLESALE CLUB, INC.** § § | **COLLECTIVE ACTION PURSUANT TO 29 U.S.C. § 216(b)** |
| **Defendant.** § § § | |

**PLAINTIFF'S ORIGINAL COLLECTIVE ACTION COMPLAINT**

Plaintiff Gene Cintron, individually and on behalf of other similarly situated employees (hereinafter collectively referred to as ("Plaintiff" or "Representative Plaintiff"), brings this lawsuit against Defendant BJ's Wholesale Club, Inc. (hereinafter collectively, "BJ's" or "Defendant").

**I.**
**OVERVIEW**

1.  This is a collective action to recover unpaid overtime wages brought under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq*.

2.  The Plaintiff and the proposed Putative Class Members are current and former employees of Defendant who worked as salaried Asset Protection Managers ("APM") during the relevant three year period. The Plaintiff and the proposed Putative Class Members were regularly required by Defendant to work in excess of 40 hours per week without overtime. Accordingly, Plaintiff bring this action on behalf of himself and all other similarly situated employees to recover unpaid overtime compensation under §16(b) of the FLSA. 29 U.S.C. §216(b).

## II.
### PARTIES

3.  Plaintiff was employed by Defendant as an APM within the meaning of the FLSA during the relevant three-year period.  Plaintiff worked for Defendant and did not properly receive overtime compensation or benefits for hours worked in excess of 40 hours per week.  Plaintiff's consent has been attached hereto as Exhibit A.

4.  Plaintiff and the proposed Putative Class Members were subjected to similar violations of the FLSA. The class of similarly situated employees or potential class members sought to be certified under 29 U.S.C. §216(b) is defined as:

> **"ALL CURRENT AND FORMER SALARIED ASSET PROTECTION MANAGERS WHO HAVE BEEN EMPLOYED AT ANY TIME DURING THE PAST THREE YEARS BY BJ'S WHOLESALE CLUB, INC."**
> **(**"Putative Class Members"**)**

The precise size and the identity of the Putative Class Members should be ascertainable from the business records, tax records, and/or employee or personnel records of Defendant and its related and affiliated entities.

5.  Defendant BJ's Wholesale Club, Inc. is a corporation incorporated in the Commonwealth of Massachusetts, having its principal office at 1 Mercer Road in Natick, Massachusetts.

## III.
### JURISDICTION

6.  This Court has jurisdiction over the subject matter of this action under 29 U.S.C. § 216(b) and 28 U.S.C. § 1331.  Plaintiff's claims arise under §§ 7(a)(1), and 16(b) of the FLSA.  29 U.S.C. §§ 207(a)(1), and 216(b).

## IV.
### VENUE

7.  Venue is proper in this Division under 28 U.S.C. § 1391(a).

## V.
### COVERAGE UNDER THE FLSA

8. At all times hereinafter mentioned, Defendant has been an employer within the meaning of the Section 3(d) of the FLSA, 29 U.S.C. § 203(d).

9. At all times hereinafter mentioned, Defendant has been an enterprise within the meaning of Section 3(r) of the FLSA, 29 U.S.C. § 203(r).

10. At all times hereinafter mentioned, Defendant has been an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Section 3(s)(1) of the FLSA, 29 U.S.C. § 203(s)(1), in that said enterprise has and has had employees engaged in commerce or in the production of goods for commerce, or employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person and in that said enterprise has had and has an annual gross volume of sales made or business done of not less than $500,000 (exclusive of excise taxes at the retail level which are separately stated).

11. At all times hereinafter mentioned, Plaintiff and the Putative Class Members were individual employees engaged in commerce or in the production of goods for commerce as required by 29 U.S.C. §§ 206-207.

## VI.
### FACTS

12. Defendant operates a wholesale club with over 190 locations in at least fifteen different states. At all times relevant to this lawsuit, Plaintiff and the Putative Class Members were employed by BJ's as Asset Protection Managers. As APMs, Plaintiff and the Putative Class Members were regularly required to work in excess of 40 hours a week performing traditionally non-exempt functions. These functions were performed in accordance with tightly controlled

uniform practices, procedures and guidelines which required strict adherence and deprived the APMs of the ability to exercise independent judgment and discretion concerning matters of significance.

13. Even though APMs primarily performed non-exempt functions, BJ's classified all APMs as "exempt" from the overtime requirements. This practice of classifying all APMs as exempt was uniformly applied regardless of store size, volume, location or any other individualized factor.

14. Plaintiff has filed this lawsuit to challenge BJ's policy of improperly compensating APMs.

## VII.
### COLLECTIVE ACTION ALLEGATIONS

15. Numerous employees have been victimized by this pattern, practice and policy which are in willful violation of the FLSA. The Putative Class Members are all salaried employees who regularly worked in excess of 40 hours per week. These employees are victims of Defendant's unlawful compensation practices and are similarly situated to Plaintiff in terms of job duties, pay provisions and employment practices.

16. Defendant's failure to pay wages and overtime compensation at the rates required by the FLSA result from generally applicable, systematic policy and practice and which is not dependent on the personal circumstances of the Putative Class Members. Thus, Plaintiff's experiences are typical of the experiences of the Putative Class Members.

17. The specific job titles or precise job requirements of the various Putative Class Members does not prevent collective treatment. All of the Putative Class Members, regardless of their precise job requirements or rates of pay, are entitled to be properly compensated for all

hours worked in excess of 40 hours per week. Although the issue of damages may be individual in character, there is no detraction from the common nucleus of liability facts.

## VII.
## COUNT I
## FLSA VIOLATIONS

18. During the relevant time period, Defendant has violated, and is violating, the provisions of Sections 6 and/or 7 of the FLSA, 29 U.S.C. §§ 206, 207, and 215(a)(2), by employing employees in an enterprise engaged in commerce or in the production of goods for commerce within the meaning of the FLSA for workweeks longer than 40 hours without compensating such employees for their employment in excess of 40 hours per week at rates no less than one and one-half the regular rates for which they were employed.

19. Defendant knowingly, willfully or in reckless disregard carried out its illegal pattern or practice of failing to pay Plaintiff and the Putative Class Members overtime compensation. The decision by Defendant not to properly pay overtime compensation to its APMs was neither reasonable, nor in good faith. Accordingly, Plaintiff and the Putative Class Members are entitled to overtime wages under the FLSA in an amount equal to one and one-half times their rate of pay, plus liquidated damages, attorney's fees and costs.

## IX.
## RELIEF SOUGHT

20. WHEREFORE, Plaintiff prays for judgment against Defendant as follows:

   a. For an Order pursuant to Section 16(b) of the FLSA finding Defendant liable for unpaid back wages due to Plaintiff (and those who have joined in the suit) and for liquidated damages equal in amount to the unpaid compensation found due to Plaintiff;

b. For an Order awarding Plaintiff (and those who have joined in the suit) the costs of this action;

c. For an Order awarding Plaintiff (and those who have joined in the suit) their attorneys' fees;

d. For an Order awarding Plaintiff unpaid benefits and compensation in connection with the FLSA violations;

e. For an Order awarding Plaintiff (and those who have joined in the suit) pre-judgment and post-judgment interest at the highest rates allowed by law;

f. For an Order declaring this action to be maintainable as a collective action pursuant to 29 U.S.C. §216(b), appointing Plaintiff and his counsel to represent the Putative Class Members, and order notice sent to those individuals immediately;

g. For an Order permanently enjoining Defendants henceforth to from engaging in the unlawful conduct described in this Complaint and to take all necessary measures to ensure that it is at all times in compliance with such injunction; and

h. For an Order granting such other and further relief as may be necessary and appropriate.

Respectfully submitted,

By: /s/ Michael A. Josephson
  *(pro hac vice pending)*
  Michael A. Josephson
  Texas State Bar No. 24014780
  **FIBICH, HAMPTON, LEEBRON,**
   **BRIGGS & JOSEPHSON, L.L.P.**
  1150 Bissonnet
  Houston, Texas 77005
  713-751-0025 – Telephone
  713-751-0030 – Facsimile
  mjosephson@fhl-law.com


By: /s/ Philip J. Gordon
  Philip J. Gordon (BBO #630989)
  Kristen M. Hurley (BBO #658237)
  GORDON LAW GROUP LLP
  585 Boylston Street
  Boston, Massachusetts 02116
  (617) 536-1800

**ATTORNEYS IN CHARGE FOR PLAINTIFFS**