UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| **GENE CINTRON AND ERIN WALTON,** individually and on behalf of all others similarly situated; <br><br> Plaintiffs, <br><br> vs. <br><br> **BJ'S WHOLESALE CLUB, INC.** <br><br> Defendant. | CASE NO. 12-cv-11064-JLT <br><br> **JURY TRIAL DEMANDED** <br><br> **LEAVE TO FILE GRANTED ON JULY 2, 2013** |

## PLAINTIFFS' FIRST AMENDED ORIGINAL CLASS AND COLLECTIVE ACTION COMPLAINT

Plaintiffs Gene Cintron and Erin Walton, individually and on behalf of other similarly situated employees (collectively referred to as "Named Plaintiffs" or "Representative Plaintiffs"), bring this lawsuit against Defendant BJ's Wholesale Club, Inc. ("BJ's or "Defendant").

**I.**
**OVERVIEW**

1. The Named Plaintiffs and the proposed Putative Class Members are current and former salaried Loss Prevention Managers ("LPM")/Asset Protection Managers ("APM") and/or Personnel Managers ("PM") employed by Defendant during the relevant statutory time period. The Named Plaintiffs and the proposed Putative Class Members were regularly required by Defendant to work in excess of 40 hours per week without overtime. The Named Plaintiffs bring this action on behalf of themselves and all other similarly situated employees to recover unpaid overtime compensation under 29 U.S.C. §216(b) of the Fair Labor Standards Act ("FLSA"). Additionally, pursuant to Fed. R. Civ. P. 23 and in accordance with the laws of the following

jurisdictions, the Named Plaintiffs bring this action on behalf of current and former salaried LPMs, APMs and/or PMs who worked in Connecticut, Delaware, Florida, Georgia, Maine, Maryland, Massachusetts, New Hampshire, New Jersey, New York, North Carolina, Ohio, Pennsylvania, Rhode Island, and/or Virginia from during the relevant time period.

## II.
### PARTIES

2. The Named Plaintiffs were employed by Defendant as LPMs, APMs and/or PMs within the meaning of the FLSA during the relevant three-year period. The Named Plaintiffs worked for Defendant and did not properly receive overtime compensation or benefits for hours worked in excess of 40 hours per week.

3. The Named Plaintiffs and the proposed Putative Class Members were subjected to similar violations of the FLSA. The class of similarly situated employees or potential class members previously certified or sought to be certified under 29 U.S.C. §216(b) have been defined as follows:

   a. <u>POTENTIAL PUTATIVE FLSA CLASS</u>

   "Any and all employees of DEFENDANT who were employed as a Loss Prevention Manager, Asset Protection Manager, and/or Personnel Manager from July 19, 2009 through the date of the Order Granting Preliminary Approval." ("Potential Putative FLSA Class").

4. The Named Plaintiffs also seek class certification under Fed. R. Civ. P. 23 of the following state law sub-classes:

   a. <u>POTENTIAL PUTATIVE STATE LAW CLASSES</u>

   "Any and all persons employed by DEFENDANT as a Loss Prevention Manager, Asset Protection Manager, and/or Personnel Manager in Connecticut, Delaware, Florida, Georgia, Maine, Maryland, Massachusetts, New Hampshire, New Jersey, New York, North Carolina, Ohio, Pennsylvania, Rhode Island, and/or Virginia from July 19, 2009 through the date of the Order Granting Preliminary Approval." ("Potential Putative State Law Classes").

5.      Defendant BJ's Wholesale Club, Inc. has been served with process and is properly before this Court.

### III.
### JURISDICTION

6.      This Court has jurisdiction over the subject matter of this action under 29 U.S.C. § 216(b) and 28 U.S.C. § 1331.  Plaintiffs' claims arise under §§ 7(a)(1), and 16(b) of the FLSA.  29 U.S.C. §§ 207(a)(1), and 216(b).   The Court also has federal jurisdiction over this action pursuant to the jurisdictional provisions of the Class Action Fairness Act, 28 U.S.C. §1332(d).  The Court also has supplemental jurisdiction over the various state law sub-classes pursuant to 28 U.S.C. §1367.

### IV.
### VENUE

7.      Venue is proper in this Division under 28 U.S.C. § 1391(a).

### V.
### FACTUAL ALLEGATIONS

8.      Defendant operates a wholesale club with over 190 locations in at least fifteen different states.  During the time period which is relevant to this action, the Named Plaintiffs and all those similarly situated were employed by Defendant as salaried LPMs, APMs and/or PMs and were regularly required to work in excess of 40 hours per week.  Instead of paying overtime for all of the hours worked in excess of 40, the Named Plaintiffs contend that Defendant improperly classified the Named Plaintiffs and all other similarly situated employees as exempt from the overtime provisions of the FLSA and the applicable state laws of the jurisdictions identified above.  However, during the relevant time period that the salaried LPMs, APMs and/or PMs were considered exempt employees by Defendant, these individuals did not regularly or customarily perform any exempt functions.

9.      As a result of Defendant's policies, practices and conduct, the Named Plaintiffs and all other similarly situated employees were denied overtime compensation under federal and state law.

## VI.
### CLASS ACTION AND COLLECTIVE ACTION ALLEGATIONS

10.     The claims under the FLSA may be pursued by those who opt-in to this case pursuant to 29 U.S.C. § 216(b).  The claims under the state law classes may be pursued by all similarly situated persons who choose not to opt-out of the state law classes pursuant to Fed. R. Civ. P. 23.

11.     The number of individuals in each of each class is so numerous that joinder of all members is impracticable.  The exact number of members of each class can be determined by reviewing Defendant's records.  However, the Named Plaintiffs are informed and believe that there are thousands of eligible individuals included in the proposed putative classes.

12.     The Named Plaintiffs will fairly and adequately protect the interests of the classes and have retained counsel that is experienced and competent in class action and employment litigation.

13.     The Named Plaintiffs have no interests that are contrary to, or in conflict with the proposed putative class members.

14.     A collective/class action suit, such as the instant one, is superior to other available means for fair and efficient adjudication of the lawsuit.  The damages suffered by individual members of the putative classes may be relatively small when compared to the expense and burden of litigation, making it virtually impossible for members of the classes to individually seek redress for the wrongs done to them.

15.     A collective and class action is, therefore, superior to other available methods for the fair and efficient adjudication of the controversy.  Absent these actions, the members of the proposed

putative classes will likely not obtain redress of their injuries and Defendant will retain the proceeds of their violations of the FLSA and the applicable state labor laws.

16. Furthermore, even if any member of the classes could afford individual litigation against Defendant, it would be unduly burdensome to the judicial system. Concentrating the litigation in one forum will promote judicial economy and parity among the claims of individual class members and provide for judicial consistency.

17. There is a well-defined community of interest in the questions of law and fact affecting the classes as a whole. The questions of law and fact common to each of the classes predominate over any questions affecting solely the individual members. Among the common questions of law and fact are:

    a.    Whether Defendant employed the putative class members within the meaning of the applicable statutes, including the FLSA;

    b.    Whether the putative class members were uniformly, willfully and wrongfully classified by Defendant as exempt from overtime compensation;

    c.    Whether Defendant failed to pay the Named Plaintiffs and the putative class members all premium overtime compensation due to them by virtue of their uniform designation as exempt;

    d.    Whether the Named Plaintiffs and the putative class members were expected to, and/or were mandated to, regularly work overtime hours each workweek;

    e.    Whether Defendant failed to pay the Named Plaintiffs and the putative class members for all hours worked;

    f.    Whether Defendant violated any other statutory provisions regarding compensation due to the Named Plaintiffs and the putative class members; and

    g.    Whether the Named Plaintiffs and the putative class members have sustained damages and, if so, the proper measure of damages.

18. The Named Plaintiffs' claims are typical of the claims of the members of each putative class. The Named Plaintiffs and the putative class members have sustained damages arising out of the wrongful and uniform employment policies of Defendant in violation of the FLSA and the state labor laws.

19. The Named Plaintiffs know of no difficulty that will be encountered in the management of this litigation that would preclude its continued maintenance.

## VII.
### FIRST CAUSE OF ACTION
### VIOLATIONS OF THE FLSA

20. During the relevant time period, Defendant has violated, and is violating, the provisions of Sections 6 and 7 of the FLSA, 29 U.S.C. §§ 206, 207, and 215(a)(2), by employing employees in an enterprise engaged in commerce or in the production of goods for commerce within the meaning of the FLSA for workweeks longer than 40 hours without compensating such employees for their employment in excess of 40 hours per week at rates no less than one and one-half the regular rates for which they were employed.

21. Defendant knowingly, willfully or in reckless disregard carried out its illegal pattern or practice of failing to pay Plaintiffs and the putative class members' overtime compensation. The decision by Defendant not to properly pay overtime compensation to its LPMs, APMs and/or PMs was neither reasonable, nor in good faith. Accordingly, Plaintiffs and the putative class members are entitled to overtime wages under the FLSA in an amount equal to one and one-half times their rate of pay, plus liquidated damages, attorney's fees and costs.

# VIII.
### SECOND CAUSE OF ACTION
### FAILURE TO PAY OVERTIME TO MEMBERS OF
### THE POTENTIAL PUTATIVE STATE LAW CLASSES

22. Defendants failure to compensate the members of the putative state law classes in accordance with the following state labor laws and associated common law claims:

 a. Connecticut—Connecticut Minimum Wage Act, Conn. Gen. Stat. § 31;

 b. Delaware—Delaware Wage Payment & Collection Act: Del. Code Ann. tit. 19, §1101 et seq. and associated common law claims:

 c. Florida—Article X, Section 24 of the Florida Constitution; Chapters 448 and 532 of the Florida Statutes; Sections 222.15 and 95.11(4)(c) of the Florida Statutes and associated common law claims;

 d. Georgia—Title 34 and Sections 10-1-573 and 21-2-404 of the Official Code of Georgia Annotated and associated common law claims;

 e. Maine—Maine Wage Payment and Work Hours Laws, Title 26 of the Maine Revised Statutes Annotated § 601 et seq.;

 f. Maryland—Title 3 and Section 9-205 of the Maryland Annotated Code, Article, Labor & Employment; Section 10-315 of the Maryland Annotated Code, Article, Election Law; Section 8-105 of the Maryland Annotated Code, Article, Courts and Judicial Proceedings;

 g. Massachusetts—Massachusetts Payment of Wages Law, Mass. Gen. Laws Ch. 149 § 148, et seq., the Massachusetts Minimum Fair Wage Law, Mass. Gen. Laws Ch. 151 § 1, et seq., the Massachusetts Overtime Law, Mass. Gen. Laws Ch. 151 § 1A, et seq., the Minimum Wage Regulations, 455 CMR § 2.01, *et. seq.*, Mass.

Gen. Laws Ch. 149 § 100, the Massachusetts Prevailing Wage Laws, including Mass. Gen. Laws Ch. 149 § 26 et seq.;

h. New Hampshire—Chapter 279 of the New Hampshire Revised Statutes Annotated;

i. New Jersey—Title 12, Chapters 55 and 56, and Chapter 16, Section 2.2-2.4 of the New Jersey Administrative Code; Title 34, Chapter 11 and Section 2B:20-17 of the New Jersey Annotated Statutes;

j. New York—Articles 6 and 19 of the New York Labor Law; 12 New York Codes, Rules and Regulations Parts 137-142; New York General Business Law § 399-H;

k. North Carolina—Title 13, Chapter 12 of the North Carolina Administrative Code; Chapter 95 of the General Statutes of North Carolina, Article 2A and Article 21;

l. Ohio—Ohio Revised Code Chapters 124.18, 2305.11, and 4111;

m. Pennsylvania—Chapter 8 of Title 43 of the Pennsylvania Statutes; Chapters 9 and 231 of Title 34 of the Pennsylvania Administrative Code;

n. Rhode Island—Sections 5 and 28 of the Rhode Island General Laws; R.I.S.B. 2422A and H.B. 7509A, L. 2012; and

o. Virginia—Chapter 3 of Title 40.1 of the Virginia Code and associated common law claims

23. Due to Defendant's violations of these state labor laws and associate common laws, Plaintiffs, on behalf of themselves and members of the state law classes, are entitled to recover from Defendant their unpaid overtime compensation, all applicable statutory and common damages, reasonable attorneys' fees and costs and disbursements of this action, pursuant to the applicable state laws.

## IX.
### RELIEF SOUGHT

24. WHEREFORE, the Named Plaintiffs pray for judgment against Defendant as follows:

    a. An Order designating the Potential Putative FLSA Class as a collective action and permitting the issuance of a notice pursuant to 29 U.S.C. § 216(b) to all similarly situated individuals with instructions to permit them to assert timely FLSA claims in this action by filing individual Consents to Sue pursuant to 29 U.S.C. § 216(b);

    b. For an Order pursuant to Section 16(b) of the FLSA finding Defendant liable for unpaid back wages due to the Named Plaintiffs and the Potential Putative FLSA Class for liquidated damages equal in amount to their unpaid compensation;

    c. For an Order designating the state law classes as class actions pursuant to Fed. R. Civ. P. 23;

    d. For an Order appointing the Named Plaintiffs and their counsel as Class Counsel to represent the interests of the both the federal and state law classes;

    e. For an Order awarding attorneys' fees, costs and pre- and post-judgment interest; and

    f. For an Order granting such other and further relief as may be necessary and appropriate.

Respectfully submitted,

By: */s/ Philip J. Gordon*
    Philip J. Gordon (BBO #630989)
    Kristen M. Hurley (BBO #658237)
    GORDON LAW GROUP LLP
    585 Boylston Street
    Boston, Massachusetts 02116
    (617) 536-1800

**ATTORNEYS IN CHARGE FOR PLAINTIFFS**

By: */s/ Michael A. Josephson*
    *(pro hac vice)*
    Michael A. Josephson
    Texas State Bar No. 24014780
    **FIBICH, HAMPTON, LEEBRON,**
      **BRIGGS & JOSEPHSON, L.L.P.**
    1150 Bissonnet
    Houston, Texas 77005
    713-751-0025 – Telephone
    713-751-0030 – Facsimile
    mjosephson@fhl-law.com

## **CERTIFICATE OF SERVICE**

I hereby certify that the foregoing document was served by ECF electronic filing on all known parties on July 3, 2013.

    */s/ Michael A. Josephson*
    Michael A. Josephson