**EXHIBIT A-2**

**Must be Received
No Later Than
_____,
2013**

Mail or Deliver To:
*C*INTRON, *ET AL V.* **BJ'**S W**HOLESALE** C**LUB,** I**NC.**
C**LAIMS** A**DMINISTRATOR**
c/o Class Action Administration, Inc.
**[ADDRESS]**
**[PHONE NUMBER]**

**Claimant Information**

_____
Name (First, Middle, Last)

_____
Address

_____
City, State Zip

**CORRECTIONS OR ADDITIONAL INFORMATION**
Write any name and address corrections below if any are necessary **OR** if there is no preprinted data to the left, please provide your name and address here:

Daytime Tel: _____     Email: _____

Evening Tel: _____

**To Take Part In The Proposed Settlement, You Must Sign Below
After Reading This Whole Form and Appendix**

**CLAIM AND CONSENT TO JOIN FORM**

**In order to receive a settlement payment, you must timely submit a properly completed Claim Form Package to the Claims Administrator so that it is received by the Claims Administrator by _____, 2013 [BAR DATE - 60 calendar days from the date Notice is postmarked].**

The records of BJ's Wholesale Club, Inc. ("BJ's"), indicate that you were employed as an Asset Protection Manager, Loss Prevention Manager and/or Personnel Manager at a BJ's location in **[INSERT STATE]** during the Class Period from July 19, 2009 (or, you filed with the Court a written consent to join the lawsuit before July 19, 2012, the date that is three (3) years prior to the date on which your consent was filed with the Court), through **[DATE OF PRELIMINARY APPROVAL ORDER]**.

Settlement awards to be paid in connection with the settlement of this action are based on a "Per Week" amount (equal to the Revised Maximum Gross Settlement Amount divided by the

gross weeks for members of Settlement Classes during applicable time period) and the number of weeks worked by you in an Asset Protection Manager, Loss Prevention Manager and/or Personnel Manager position between July 19, 2009 and _____, 2013.

The "Per Week" amount is equal to _____.

According to BJ's records, the number of weeks you worked in an Asset Protection Manager, Loss Prevention Manager and/or Personnel Manager between July 19, 2009 and _____, 2013 is \_\_\_\_\_.

**Assuming that the Settlement is approved, as well as the requests for an award of fees and expenses and service payments awards, as described in the Notice, it is expected that your share of the settlement will be approximately $_____** (calculated by multiplying the "Per Week" amount by the number of weeks noted above).

If you believe that the number of weeks listed above with respect to you are incorrect, please enter the number of weeks you believe you worked in an Asset Protection Manager, Loss Prevention Manager and/or Personnel Manager between July 19, 2009 and _____, 2013 here: \_\_\_\_\_.

IF YOU DISAGREE WITH THE NUMBER OF WEEKS YOU WORKED IN AN ASSET PROTECTION MANAGER, LOSS PREVENTION MANAGER AND/OR PERSONNEL MANAGER BETWEEN JULY 19, 2009 AND _____, 2013, YOU MUST PROVIDE PAY-STUBS OR OTHER DOCUMENTATION CONFIRMING THE NUMBER OF WEEKS YOU HAVE INDICATED.

**BY SIGNING, DATING AND SUBMITTING THIS CLAIM AND CONSENT TO JOIN SETTLEMENT FORM AND THE SUBSTITUTE IRS W-9 FORM I AGREE:**

- **I HAVE READ AND UNDERSTOOD THE NOTICE, AND CLAIM FORM PACKAGE.**

  _____
  **Initials**

- **I AM KNOWINGLY AND VOLUNTARILY RELEASING ALL CLAIMS AS DESCRIBED IN THE NOTICE AND APPENDIX A TO THE CLAIM FORM PACKAGE.**

  _____
  **Initials**

- **TO BE BOUND BY ALL THE TERMS OF THE SETTLEMENT, IF APPROVED.**

  _____
  **Initials**

       I declare under penalty of perjury under the laws of the United States that the information I have supplied is true and correct.

_____     _____
Signature                                           Date

_____     _____
Print Name                                       City, State

**RETURN SIGNED CLAIM AND CONSENT TO JOIN FORM TO CLASS ACTION ADMINISTRATION, INC. [INSERT CONTACT INFORMATION] SO THAT IT IS RECEIVED NO LATER THAN _____, 2013.**

# SUBSTITUTE IRS W-9 FORM

**In order to receive that portion of the settlement payment attributed to liquidated damages, you must timely complete and return this Substitute IRS W-9 Form.**

---

**Substitute IRS W-9 FORM**
**Taxpayer Identification Number Certification**

Enter your Social Security Number (taxpayer identification number): _____

Print name and address as shown on your income tax return:

_____

First Name & Middle Initial: _____   Last Name: _____

Address: _____

City: _____   State: _____   ZIP Code: _____

Under penalties of perjury, I certify that:

**1.**   The taxpayer identification number shown on this form is my correct taxpayer identification number, **and**

**2.**   I am not subject to backup withholding because: (a) I am exempt from backup withholding, or (b) I have not been notified by the Internal Revenue Service (IRS) that I am subject to backup withholding as a result of a failure to report all interest or dividends, or (c) the IRS has notified me that I am no longer subject to backup withholding, **and**

**3.**   I am a U.S. citizen or other U.S. person (including a U.S. resident alien).

**4.**   **Note:** If you have been notified by the IRS that you are subject to backup withholding, you must cross out item 2 above.

Signature
of U.S. Person: _____   Date: _____

---

**RETURN SIGNED SUBSTITUTE IRS W-9 FORM TO CLASS ACTION ADMINISTRATION, INC. [INSERT CONTACT INFORMATION] SO THAT IT IS RECEIVED NO LATER THAN [BAR DATE]**

## APPENDIX A

## RELEASE OF CLAIMS

By signing the Claim and Consent to Join Form, I consent to join the above-captioned lawsuit and to participate in the Parties' proposed settlement in this matter of the claims asserted under the federal Fair Labor Standards Act, 29 U.S.C. §§ 201, *et seq.* and any state law claims I have standing to assert.  I hereby consent to become a party plaintiff in the lawsuit, and I hereby authorize Michael Josephson, Esq., FIBICH, HAMPTON, LEEBRON, BRIGGS & JOSEPHSON, LLP, 1150 Bissonnet, Houston, Texas 77005, (713) 751-0025 and Philip J. Gordon, Esq. of GORDON LAW GROUP, 585 Boylston Street, Boston, Massachusetts 02116, (617) 536-1802 to represent me in this action, and to file, under seal, this Claim and Consent to Join Form, Substitute IRS W-9 Form, and Appendix A (Release of Claims) (together, the "Claim Form Package") with the Court in the lawsuit.

I certify that I was employed by BJ's in one or more of the Asset Protection Manager, Loss Prevention Manager, or Personnel Manager positions during the period from July 19, 2009 through _____, 2013.

By signing, I also acknowledge that when the Court grants approval to the Parties' settlement and that approval becomes final, I shall have released all wage-related claims (as described below) claims under [APPLICABLE STATE(S)] law and the Fair Labor Standards Act that I may have or ever had against BJ's.  As a result, I also acknowledge that any such claims for the time I was employed by BJ's in one or more of the Asset Protection Manager, Loss Prevention Manager, or Personnel Manager positions during the period from July 19, 2009 through _____, 2013 will be fully and finally extinguished.

In exchange for the money I am eligible to receive under the Parties' settlement, I hereby fully and completely release BJ's and each of its past, present, and future parent companies, affiliates, subsidiaries, divisions, predecessors, successors, partners, owners, joint venturers, affiliated organizations, shareholders, insurers, reinsurers and assigns, and each of its/their past, present and future officers, directors, trustees, agents, employees, attorneys, contractors, representatives, plan fiduciaries and/or administrators, benefits plans sponsored or administered by BJ's, divisions, units, branches and any other persons or entities acting on their behalf, including any party that was or could have been named as a defendant in the Litigation and any individual or entity which could be jointly liable with BJ's and any other persons or entities acting on its behalf, including any party that was or could have been named as a defendant in the Litigation (together with BJ's, the "Released Persons") from:

> **[A]ny and all past and present matters, disputes, claims, demands, rights, liabilities, expenses, damages, losses of any kind, and causes of action of any kind whatsoever, whether at common law, pursuant to statute, ordinance, or regulation, in equity or otherwise, and whether arising under federal, state, or other applicable law, which any member of the Settlement Classes has or might have, known or unknown, asserted or unasserted, of any kind whatsoever, even if presently unknown and/or un-asserted, that occurred at**

**any time up to and including the date the Court enters a Preliminary Approval Order. This includes without limitation:**

**(1) any and all claims asserted in the Litigation;**

**(2) any and all claims for unpaid wages, minimum wages, liquidated damages, attorneys' fees, costs and expenses, pre- and post-judgment interest, overtime, or non-payment of wages, retaliation for complaining about wages or for asserting wage-related claims and/or any other claims of any kind, or any other wage-related or recordkeeping-related claims, damages or relief of any kind including but not limited to the FLSA, 29 U.S.C. § 201,** *et seq.***;**

**(3) the wage and hour laws and regulations of:**

- **the state of Connecticut, including but not limited to the Connecticut Minimum Wage Act, Conn. Gen. Stat. § 31; and any state common law wage claims, including, but not limited to claims of unjust enrichment and any and all claims for wages, bonuses, commissions, overtime, vacation pay, severance pay, or any other form of compensation of any kind, and all claims for any type of penalties or damages available under the wage and hour laws of the state of Connecticut, or any state common law wage claims, including but not limited to claims for fees and costs, liquidated damages, punitive damages, civil penalties, equitable remedies, and/or pre- or post-judgment interest;**

- **the state of Delaware; and any state common law wage claims, including, but not limited to claims of unjust enrichment and any and all claims for wages, bonuses, commissions, overtime, vacation pay, severance pay, or any other form of compensation of any kind, and all claims for any type of penalties or damages available under the wage and hour laws of the state of Delaware, or any state common law wage claims, including but not limited to claims for fees and costs, liquidated damages, punitive damages, civil penalties, equitable remedies, and/or pre- or post-judgment interest;**

- **the state of Florida, including but not limited to Article X, Section 24 of the Florida Constitution; Chapters 448 and 532 of the Florida Statutes; and Sections 222.15 and 95.11(4)(c) of the Florida Statutes; and any state common law wage claims, including, but not limited to claims of unjust enrichment and any and all claims for wages, bonuses, commissions, overtime, vacation pay, severance pay, or any other form of compensation of any kind, and all claims for any type of penalties or damages available under the wage and hour laws of the state of Florida, or any state common law wage claims, including**

but not limited to claims for fees and costs, liquidated damages, punitive damages, civil penalties, equitable remedies, and/or pre- or post-judgment interest;

- the state of Georgia, including but not limited to Title 34 and Sections 10-1-573 and 21-2-404 of the Official Code of Georgia Annotated; and any state common law wage claims, including, but not limited to claims of unjust enrichment and any and all claims for wages, bonuses, commissions, overtime, vacation pay, severance pay, or any other form of compensation of any kind, and all claims for any type of penalties or damages available under the wage and hour laws of the state of Georgia, or any state common law wage claims, including but not limited to claims for fees and costs, liquidated damages, punitive damages, civil penalties, equitable remedies, and/or pre- or post-judgment interest;

- the state of Maryland, including but not limited to Title 3 and Section 9-205 of the Maryland Annotated Code, Article, Labor & Employment; Section 10-315 of the Maryland Annotated Code, Article, Election Law; Section 8-105 of the Maryland Annotated Code, Article, Courts and Judicial Proceedings; and any state common law wage claims, including, but not limited to claims of unjust enrichment and any and all claims for wages, bonuses, commissions, overtime, vacation pay, severance pay, or any other form of compensation of any kind, and all claims for any type of penalties or damages available under the wage and hour laws of the state of Maryland, or any state common law wage claims, including but not limited to claims for fees and costs, liquidated damages, punitive damages, civil penalties, equitable remedies, and/or pre- or post-judgment interest;

- the Commonwealth of Massachusetts, including but not limited to the Massachusetts Payment of Wages Law, Mass. Gen. Laws Ch. 149 § 148, et seq., the Massachusetts Minimum Fair Wage Law, Mass. Gen. Laws Ch. 151 § 1, et seq., the Massachusetts Overtime Law, Mass. Gen. Laws Ch. 151 § 1A, et seq., the Minimum Wage Regulations, 455 CMR § 2.01, *et. seq*., Mass. Gen. Laws Ch. 149 § 100, the Massachusetts Prevailing Wage Laws, including Mass. Gen. Laws Ch. 149 § 26 et seq., and any state common law wage claims, including, but not limited to claims of unjust enrichment and any and all claims for wages, bonuses, commissions, overtime, vacation pay, severance pay, or any other form of compensation of any kind, and all claims for any type of penalties or damages available under the wage and hour laws of the Commonwealth of Massachusetts, or any state common law wage claims, including but not limited to claims

for fees and costs, liquidated damages, punitive damages, civil penalties, equitable remedies, and/or pre- or post-judgment interest;

- **the state of Maine, including but not limited to the Maine Wage Payment and Work Hours Laws, Title 26 of the Maine Revised Statutes Annotated § 601** *et seq.***; and any state common law wage claims, including, but not limited to claims of unjust enrichment and any and all claims for wages, bonuses, commissions, overtime, vacation pay, severance pay, or any other form of compensation of any kind, and all claims for any type of penalties or damages available under the wage and hour laws of the state of Maine, or any state common law wage claims, including but not limited to claims for fees and costs, liquidated damages, punitive damages, civil penalties, equitable remedies, and/or pre- or post-judgment interest;**

- **the state of New Hampshire, including but not limited to the Chapter 279 of the New Hampshire Revised Statutes Annotated; and any state common law wage claims, including, but not limited to claims of unjust enrichment and any and all claims for wages, bonuses, commissions, overtime, vacation pay, severance pay, or any other form of compensation of any kind, and all claims for any type of penalties or damages available under the wage and hour laws of the state of New Hampshire, or any state common law wage claims, including but not limited to claims for fees and costs, liquidated damages, punitive damages, civil penalties, equitable remedies, and/or pre- or post-judgment interest;**

- **the state of New Jersey, including but not limited to Title 12, Chapters 55 and 56, and Chapter 16, Section 2.2-2.4 of the New Jersey Administrative Code; Title 34, Chapter 11 and Section 2B:20-17 of the New Jersey Annotated Statutes; and any state common law wage claims, including, but not limited to claims of unjust enrichment and any and all claims for wages, bonuses, commissions, overtime, vacation pay, severance pay, or any other form of compensation of any kind, and all claims for any type of penalties or damages available under the wage and hour laws of the state of New Jersey, or any state common law wage claims, including but not limited to claims for fees and costs, liquidated damages, punitive damages, civil penalties, equitable remedies, and/or pre- or post-judgment interest;**

- **the state of New York, including but not limited to Articles 6 and 19 of the New York Labor Law; 12 New York Codes, Rules and Regulations Parts 137-142; New York General Business Law § 399-H; and any state common law wage claims, including, but not limited to claims of unjust enrichment and any and all claims for wages, bonuses, commissions, overtime, vacation pay, severance pay, or any**

other form of compensation of any kind, and all claims for any type of penalties or damages available under the wage and hour laws of the state of New York, or any state common law wage claims, including but not limited to claims for fees and costs, liquidated damages, punitive damages, civil penalties, equitable remedies, and/or pre- or post-judgment interest;

- the state of North Carolina, including but not limited to Title 13, Chapter 12 of the North Carolina Administrative Code; Chapter 95 of the General Statutes of North Carolina, Article 2A and Article 21; and any state common law wage claims, including, but not limited to claims of unjust enrichment and any and all claims for wages, bonuses, commissions, overtime, vacation pay, severance pay, or any other form of compensation of any kind, and all claims for any type of penalties or damages available under the wage and hour laws of the state of North Carolina, or any state common law wage claims, including but not limited to claims for fees and costs, liquidated damages, punitive damages, civil penalties, equitable remedies, and/or pre- or post-judgment interest;

- the state of Ohio, including but not limited to Ohio Revised Code Chapters 124.18, 2305.11, and 4111; and any state common law wage claims, including, but not limited to claims of unjust enrichment and any and all claims for wages, bonuses, commissions, overtime, vacation pay, severance pay, or any other form of compensation of any kind, and all claims for any type of penalties or damages available under the wage and hour laws of the state of Ohio, or any state common law wage claims, including but not limited to claims for fees and costs, liquidated damages, punitive damages, civil penalties, equitable remedies, and/or pre- or post-judgment interest;

- the Commonwealth of Pennsylvania, including but not limited to Chapter 8 of Title 43 of the Pennsylvania Statutes; Chapters 9 and 231 of Title 34 of the Pennsylvania Administrative Code; and any state common law wage claims, including, but not limited to claims of unjust enrichment and any and all claims for wages, bonuses, commissions, overtime, vacation pay, severance pay, or any other form of compensation of any kind, and all claims for any type of penalties or damages available under the wage and hour laws of the Commonwealth of Pennsylvania, or any state common law wage claims, including but not limited to claims for fees and costs, liquidated damages, punitive damages, civil penalties, equitable remedies, and/or pre- or post-judgment interest;

- the state of Rhode Island, including but not limited to Sections 5 and 28 of the Rhode Island General Laws; R.I.S.B. 2422A and H.B.

> **7509A, L. 2012; and any state common law wage claims, including, but not limited to claims of unjust enrichment and any and all claims for wages, bonuses, commissions, overtime, vacation pay, severance pay, or any other form of compensation of any kind, and all claims for any type of penalties or damages available under the wage and hour laws of the state of Rhode Island, or any state common law wage claims, including but not limited to claims for fees and costs, liquidated damages, punitive damages, civil penalties, equitable remedies, and/or pre- or post-judgment interest;**
>
> - **the Commonwealth of Virginia, including but not limited to Chapter 3 of Title 40.1 of the Virginia Code; and any state common law wage claims, including, but not limited to claims of unjust enrichment and any and all claims for wages, bonuses, commissions, overtime, vacation pay, severance pay, or any other form of compensation of any kind, and all claims for any type of penalties or damages available under the wage and hour laws of the Commonwealth of Virginia, or any state common law wage claims, including but not limited to claims for fees and costs, liquidated damages, punitive damages, civil penalties, equitable remedies, and/or pre- or post-judgment interest;**

**as well as any other statutes and/or regulations of the aforementioned states regulating hours of work, wages, the payment of wages, retaliation, wage-related or recordkeeping-related claims, the payment of minimum wages, and/or the payment of overtime compensation;**

**(4) any and all claims under state and federal law for breach of express contract or labor agreement (for earned wages, overtime, and/or and missed or interrupted meal breaks), implied contract, money had and received in assumpsit, quantum meruit/unjust enrichment, fraud, negligent misrepresentation, equitable estoppel, promissory estoppel, conversion, and failure to keep accurate records;**

**(5) any and all claims pursuant to or derived from ERISA, 29 U.S.C. § 1001, *et seq.*, based on any alleged failure to pay wages, including but not limited to minimum wages or overtime wages;**

**(6) any and all claims for attorneys' fees, costs and expenses; and**

**(7) any and all wage-and-hour laws or wage-related claims of any kind under any other laws, including but not limited to any and all such claims pursuant to other federal, local, or other states' laws and/or regulations.**

(the "Released Claims").

I further covenant and agree that, since I am settling disputed claims, I will not accept, recover or receive any back pay, liquidated damages, other damages or any other form of relief based on any Released Claims asserted or settled in the Litigation which may arise out of, or in connection with any other individual, union representative, class or any administrative or arbitral remedies pursued by any individual, union or federal, state or local governmental agency against the BJ's and/or Released Persons.  I also further acknowledge and agree that I am enjoined from pursuing any Released Claims that I have, had, might have or might have had against any of the Released Persons based on any act or omission that occurred up to and including **[DATE OF PRELIMINARY APPROVAL ORDER]**.

I further represent and warrant that nothing which would otherwise be released herein has been assigned, transferred, or hypothecated or purportedly assigned, transferred, or hypothecated to any person or entity, any claim or any portion thereof or interest therein, including, but not limited to, any interest in the Litigation, or any related action.

I agree to allow Class Action Administration, Inc., including its employees, full and complete access to any and all confidential and personal information supplied on my Claim and Consent to Join Form and Substitute IRS W-9 Form.  I understand that Class Action Administration, Inc. will check the accuracy of certain facts represented on my Claim and Consent to Join Form with information provided by BJ's.

Unless otherwise indicated above, I further agree that the information regarding the number of weeks that I worked as a BJ's Asset Protection Manager, Loss Prevention Manager and/or Personnel Manager from July 19, 2009 through _____, 2013, contained on the second page of the Claim and Consent to Join Form above, is correct to the best of my knowledge.  I further represent and warrant that I will not later challenge the accuracy of that "weeks" figure, or the amount calculated as my estimated award in connection with this Settlement, after the submission of this Claim Form Package.

I understand that I must keep Class Action Administration, Inc. informed of my current address and of any change in my home address.  If I do not do so, I understand that I may not receive any settlement payment that I might otherwise be eligible to receive.

Should this waiver and release be ruled unenforceable for any reason, I agree to execute a valid release of equal scope.