**EXHIBIT B**

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| GENE CINTRON AND ERIN WALTON, individually and on behalf of all others similarly situated; § § § § | CASE NO. 12-cv-11064-JLT |
| Plaintiffs, § § | JURY TRIAL DEMANDED |
| vs. § § | |
| BJ'S WHOLESALE CLUB, INC. § § | |
| Defendant. § § | |

### DECLARATION OF MICHAEL A. JOSEPHSON

Pursuant to 28 U.S.C. §1746, Michael A. Josephson declares as follows:

1. I make this Declaration in support of Plaintiffs' Motion for Preliminary Approval of Settlement. I am fully familiar with the facts and circumstances set forth herein.

### I.     FIRM BACKGROUND

2. I am a named partner in Fibich, Hampton, Leebron, Briggs & Josephson, L.L.P. ("FHLBJ"). FHLBJ is one of the preeminent Plaintiff oriented law firms in the country. Since its inception, FHLBJ has been lead counsel and/or held positions of substantial responsibility on steering committees in lawsuits concerning defective products, dangerous drugs, oilfield contamination, wage and hour violations and countless other individual, class and mass tort campaigns against numerous Fortune 500 companies. Additionally, FHLBJ has been involved in several private attorney general lawsuits seeking reimbursement of healthcare dollars expended as a result of false and deceptive marketing by various pharmaceutical companies. All of FHLBJ's attorneys are experienced trial lawyers, with active dockets in both state and federal courts located throughout the country.

3. I am licensed to practice in Texas and Pennsylvania. I have been practicing civil litigation continuously since being admitted to the Texas Bar in December 2000. I have practiced law and been admitted *pro hac vice* in courts located throughout California, Texas, Louisiana, Pennsylvania, New Jersey, Alabama, Illinois, Massachusetts, Mississippi, Oklahoma, South Carolina, and North Carolina.

4. I am in charge of my firm's wage and hour practice. A substantial portion of my time is devoted to challenging illegal wage and hour practices on behalf of current and former employees. My practice has been a "hands-on" approach; meaning that I personally perform the case work in all stages of the litigation, from drafting of the initial complaint to discovery and motion matters, trial and appeal, if necessary. When appropriate, my partners and several associates will assist me in various capacities and under my direct supervision. This "hands-on" approach has produced very favorable results in difficult and complex cases that have required a substantial amount of time, money and effort.

5. I estimate that I have been the attorney of record as either lead counsel or co-counsel in over 450 class and collective actions or individual cases seeking damages for unpaid overtime and wages based on allegations that employees worked off the clock, were misclassified, or were victims of regular rate and/or technical violations of both state and federal wage laws. All of these cases were handled on a contingency basis in which I received a percentage of the recovery and advanced all of the costs of litigation. I estimate that I have represented tens of thousands of employees over the years and have been involved in litigating cases in almost every major industry, including national food processors, retailers, government agencies, call centers, chemical plants, oil and gas operators, technical companies, stadium service providers, and litigation service companies. In my practice I have litigated cases on behalf of Plaintiffs in wage and hour class and collective actions against the

most respected employment litigation firms in the United States, including Jackson Lewis; KL Gates, Seyfarth Shaw, Littler Mendelson; Morgan, Lewis & Bockius; Gardere Wynne; Ogletree Deakins; Hunton & Williams; Orrick; Baker & Botts; Jones Walker; and Fulbright and Jaworski.

## II.  OVERVIEW OF LITIGATION

6. I am lead counsel in *Cintron v. BJ's Wholesale Club, Inc.* which was filed on behalf of allegedly misclassified current and former salaried Loss Prevention Managers ("LPMs"), Asset Protection Managers ("APMs") and Personnel Managers ("PMs") employed by BJ's Wholesale Club, Inc. ("BJ's").

7. I have been investigating the classification of the LPM, APM and PM position since 2011. The litigation against BJ's concerning the classification of the LPM, APM and PM position was complex and labor intensive. Both sides expended considerable effort to investigate the claims and defenses at issues. These efforts allowed the parties to exchange a substantial amount of confidential information related to liability and damages prior to settlement ensuring that both parties were well versed in the facts, circumstances and laws applicable to this litigation prior to engaging in any serious settlement discussions.

## III.  SETTLEMENT

8. In April 2013, the parties engaged in mediation with Michael Dickstein, a well-respected and experienced wage and hour mediator. The mediation took place in Boston and ultimately resolved the litigation for $2,700,000.00.

9. After agreeing to the amount and scope of any settlement, the parties were involved in virtually daily negotiation and proposals and counter-proposals concerning the terms of the settlement, culminating in the full and complete settlement proposal now before the court. The proposed settlement is without question the product of two fully informed and experienced parties negotiating

intensely at arm's length.  The settlement offers a very fair and reasonable resolution of the litigation and incorporates and recognizes the substantial risks that each side faced, had the litigation continued.

10. The fully executed Settlement and Stipulation Agreement has been attached as Ex. A to the Plaintiffs' Motion for Preliminary Approval and incorporates all of the agreed upon terms and conditions which are discussed in the motion.

11. The proposed settlement is without question the product of two fully informed and experienced parties negotiating intensely at arm's length.  The settlement offers a very fair and reasonable resolution of the litigation and incorporates and recognizes the substantial risks that each side faced, had the litigation continued.  Based on my experience litigation this case and similar cases, I can say unequivocally that the settlement reached is in the best interests of all parties involved and should be approved by the court.

12. I declare under penalty of perjury, that the information contained in this declaration is accurate and truthful.

Date: August 9, 2013

_____
Michael Josephson
Attorney for Plaintiffs