**EXHIBIT C**

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| **GENE CINTRON AND ERIN WALTON,** individually and on behalf of all other similarly situated;<br><br>**Plaintiffs,**<br>           - against -<br><br>**BJ'S WHOLESALE CLUB, INC.**<br><br>**Defendant.** | CASE NO. 1:12-cv-11064-JLT |

### [PROPOSED] ORDER AUTHORIZING NOTICE OF THE PROPOSED SETTLEMENT AND NOTICE OF FINAL APPROVAL HEARING

This matter comes before the Court on the Plaintiff's **[INSERT TITLE OF MOTION FOR PRELIMINARY APPROVAL]** ("Plaintiff's Motion").

Plaintiffs Gene Cintron and Erin Walton ("Plaintiffs") assert claims against BJ's Wholesale Club, Inc. ("Defendant" or "BJ's") on behalf of current and former exempt Asset Protection Managers, Loss Prevention Managers, and Personnel Managers employed by Defendant in the above-styled action ("Litigation"). For purposes of settlement only, Plaintiffs seek the certification of the following opt-out settlement class pursuant to Fed. R. Civ. P. 23: the "PUTATIVE STATE LAW CLASS," which refers to any and all persons employed by Defendant as a Loss Prevention Manager, Asset Protection Manager, and/or Personnel Manager in Connecticut, Delaware, Florida, Georgia, Maine, Maryland, Massachusetts, New Hampshire, New Jersey, New York, North Carolina, Ohio, Pennsylvania, Rhode Island, and/or Virginia from July 19, 2009 through and including entry of the Order Authorizing Notice Of The Proposed Settlement

And Notice Of Final Approval Hearing ("Preliminary Approval Order"). For purposes of settlement only, Plaintiff also seeks conditional certification of an opt-in settlement class pursuant to Section 216(b) of the Fair Labor Standards Act ("FLSA"): the "PUTATIVE FLSA CLASS," which refers to any and all persons employed by Defendant as a Loss Prevention Manager, Asset Protection Manager, and/or Personnel Manager from July 19, 2009 through and including entry of the Preliminary Approval Order (collectively, the "Settlement Classes").

Plaintiff has requested that the Court enter an Order: (i) asserting jurisdiction over the claims alleged, the Parties in the Litigation, and the implementation and administration of the parties' Stipulation and Settlement Agreement ("Settlement Agreement"); (ii) preliminarily finding the terms of the Stipulation and Settlement Agreement to be adequate, fair, and reasonable and in the best interests of Plaintiffs, Opt-In Plaintiffs, and members of the Settlement Classes; (iii) preliminarily certifying, pursuant to Fed. R. Civ. P. 23 and the FLSA, the Settlement Classes for purposes of settlement only; (iv) appointing Gene Cintron and Erin Walton as "Plaintiffs", who together with Class Counsel, shall be authorized to act on behalf of all Plaintiff, Opt-In Plaintiffs, and members of the Settlement Classes with respect to the Litigation and the Settlement Agreement; (v) appointing Class Counsel as counsel for the Settlement Classes pursuant to Fed. R. Civ. P. 23(g) and authorizing notice that Class Counsel requests 33% in attorneys' fees and also requests recovery of Class Counsel's expenses and costs; (vi) appointing Class Action Administration, Inc. ("CAA"), as the Parties' Claims Administrator; (vii) approving the form and content, and authorizing distribution of the Notice of Settlement of Class and Collective Action ("Settlement Notice") (Exhibit

___ to the Settlement Agreement) and Claim Form Package (Exhibit ___ to the Settlement Agreement) and setting a sixty (60) calendar day deadline for the execution and return of Claim Form Packages, filing of objections, or opting-out; and (viii) setting the date for the Final Approval Hearing.

Having reviewed and considered the Settlement Agreement and accompanying exhibits, Plaintiffs' Motion, all declarations filed in support of Plaintiffs' Motion, and having heard and considered the argument of counsel, the Court makes the findings and grants the relief set forth below, authorizing notice of the settlement contained in the Settlement Agreement upon the terms and conditions set forth in this Order. Terms and phrases in this Order shall have the same meaning as defined in the Settlement Agreement.

NOW, THEREFORE, IT IS HEREBY ORDERED:

**ORDER AUTHORIZING NOTICE OF THE SETTLEMENT AGREEMENT**

1. The Court has jurisdiction over the claims alleged in the Litigation, the Parties in the Litigation, and the implementation and administration of the Parties' Settlement Agreement.

2. The Court authorizes notice of the settlement set forth in the Settlement Agreement as it appears fair, reasonable, and adequate within the meaning of Fed. R. Civ. P. 23 and the Class Action Fairness Act of 2005 ("CAFA"), subject to final consideration at the Final Approval Hearing provided for below.

3. For the purposes of settlement only, the Court appoints Michael A. Josephson of Fibich, Hampton, Leebron, Briggs & Josephson, LLP and Philip J. Gordon of Gordon Law Group as "Class Counsel" pursuant to Fed. R. Civ. P. 23(g).  Class

Counsel have extensive knowledge in litigating wage and hour collective and class actions such as this, are familiar with the complex factual and legal questions at issue in this Litigation, and will adequately represent the Plaintiffs and members of the Settlement Classes in a comprehensive and vigorous manner.

4.    For the purposes of settlement only, the Court appoints Gene Cintron and Erin Walton as "Plaintiffs," as the term is defined in the Settlement Agreement. Plaintiffs, together with Class Counsel, are hereby authorized to act on behalf of Plaintiffs and members of the Settlement Classes, including all Opt-In Plaintiffs, with respect to the Litigation and the Settlement Agreement.

## PROVISIONALLY CERTIFYING SETTLEMENT CLASSES FOR SETTLEMENT PURPOSES ONLY

5.    On the basis of the findings set forth below, the Court hereby certifies a plaintiff class pursuant to Fed. R. Civ. P. 23 for settlement purposes only in accordance with the terms of the Settlement Agreement (the "Putative State Law Class"). The "Putative State Law Class" is defined as: any and all persons employed by Defendant as a Loss Prevention Manager, Asset Protection Manager, and/or Personnel Manager in Connecticut, Delaware, Florida, Georgia, Maine, Maryland, Massachusetts, New Hampshire, New Jersey, New York, North Carolina, Ohio, Pennsylvania, Rhode Island, and/or Virginia from July 19, 2009 through and including the date of this Preliminary Approval Order.

6.    On the basis of the findings set forth below, the Court hereby certifies a plaintiff class pursuant to Section 216(b) of the FLSA for settlement purposes only in accordance with the terms of the Settlement Agreement (the "Putative FLSA Class"). The "Putative FLSA Class" is defined as: any and all persons employed by Defendant as

4

a Loss Prevention Manager, Asset Protection Manager, and/or Personnel Manager from July 19, 2009 through and including the date of this Preliminary Approval Order.

      7.     As provided for in the Settlement Agreement, if this Court does not grant final approval of the proposed settlement set forth in the Settlement Agreement, or if the settlement is terminated or cancelled pursuant to the terms of the Settlement Agreement, then the Settlement Agreement, and the certification of the Settlement Classes provided for herein, will be vacated and the Litigation shall proceed as though the Settlement Classes had never been certified, without prejudice to any party's position on the issue of class or collective action certification or any other issue, and the Amended Complaint shall be withdrawn.

      8.     The Court finds, for settlement purposes only, that the Settlement Classes satisfy the requirements of Fed. R. Civ. P. 23(a) in that joinder is impractical due to numerosity; the class members have commonality in that there are questions of law and fact common to them in this Litigation; the claims of the named Plaintiffs are typical of the claims of the proposed class members because their claims arise from the same alleged factual events and legal theories; and the Plaintiffs and Class Counsel will fairly and adequately represent and protect the interests of the proposed class members.  There are no conflicts of interest between members of the Settlement Classes.  The Settlement Classes also satisfy the requirements of Fed. R. Civ. P. 23(b)(3) because common questions of law affecting proposed class members predominate over questions that may affect individual members, and the class action is superior to any other available method for the fair and efficient settlement of this controversy.  Certification of the Settlement

Classes is superior to other methods for the fair and efficient adjudication of this controversy.

9. The Court orders the following claims are certified for settlement purposes only: the FLSA, 29 U.S.C. § 201 *et seq.*, and state law claims asserted in Plaintiffs' Amended Complaint.

### APPROVING FORM, CONTENT, AND AUTHORIZING DISTRIBUTION OF SETTLEMENT NOTICE AND CLAIM FORM PACKAGES

10. The Court approves as to form and content the Settlement Notice (Exhibit __ to the Settlement Agreement) and Claim Form Package (Exhibit ____ to the Settlement Agreement), and authorizes distribution of the same. The proposed Settlement Notice clearly and accurately describes the nature of the Litigation, the definition of the classes certified for settlement purposes herein, and the Plaintiffs' claims and Defendant's defenses. The Settlement Notice apprises members of the Settlement Classes of their ability to opt-in or opt-out of the Settlement Agreement or object to it.

11. Any member of the Putative State Law Class wishing to opt-out shall sign and timely submit a written notice of such intent to a designated Post Office box established by the Claims Administrator, as set forth in the Settlement Notice. The written notice must clearly manifest an intent to be excluded from the Settlement Class and comply with the requirements set forth in the Settlement Notice. To be effective, this written request for exclusion must be received on or before sixty (60) calendar days after the Settlement Notice and Claim Form Package are post-marked and mailed to the members of the Settlement Class.

12. All members of the Putative State Law Class who do not request to be excluded shall be bound by all terms and conditions of the Settlement Agreement, the

Final Approval Order, the Final Judgment, and the releases set forth therein, and will be deemed to have waived all objections and opposition to the fairness, reasonableness, and adequacy of the settlement.  All members of the Putative State Law Class who submit valid and timely notices of their intent to be excluded from the Putative State Law Class: (i) shall not have any rights under the Settlement Agreement; (ii) shall not be entitled to receive a settlement payment; and (iii) shall not be bound by the Settlement Agreement, any Final Approval Order, or the Final Judgment, unless they timely file a Claim Form Package.

13. Members of the Settlement Classes who wish to participate in the settlement shall send to the Claims Administrator a Claim Form Package so that it is received by the Claims Administrator on or before sixty (60) calendar days after the Settlement Notice and Claim Form Package are post-marked to members of the Settlement Classes.  The Claim Form Package must be completed in accordance with the instructions in the Claim Form Package, and comply with the requirements set forth in the Settlement Notice.  All members of the Settlement Classes who fail to comply with these requirements shall be forever barred from receiving any settlement payment pursuant to the settlement set forth in the Settlement Agreement.  Moreover, all members of the Settlement Classes who worked for BJ's in Connecticut, Delaware, Florida, Georgia, Maine, Maryland, Massachusetts, New Hampshire, New Jersey, New York, North Carolina, Ohio, Pennsylvania, Rhode Island, and/or Virginia who fail to comply with these requirements and do not formally exclude themselves from the Putative State Law Class shall be forever barred from receiving any settlement payment pursuant to the settlement set forth in the Settlement Agreement, but will in all other respects be subject

to and bound by the provisions of the Settlement Agreement, the releases contained therein, and the Final Judgment.

14. Each member of the Putative State Law Class wishing to object to the settlement shall submit a timely written notice of his or her objection, which shall set forth the individual's full name and address, a detailed statement of the basis for each objection asserted, the legal support for each objection asserted, the grounds on which the individual desires to appear and be heard (if any), and, if the individual is represented by counsel, the name and address of counsel, further provide notice as to whether the objector intends to appear at the Final Approval Hearing, and an entry of appearance. To be timely, written notice of an objection in the appropriate form must be filed with the Clerk of the United States District Court for the District of Massachusetts, John Joseph Moakley U.S. Courthouse, 1 Courthouse Way, Boston, MA 02210 on or before sixty (60) calendar days after the mailing date of the Settlement Notice and Claim Form Packages and served concurrently therewith upon Class Counsel (Michael Josephson, Esq., Fibich, Hampton, Leebron, Briggs & Josephson, LLP, 1150 Bissonnet, Houston, Texas 77005) and counsel for Defendant (Lisa A. Schreter, Littler Mendelson, P.C., 3344 Peachtree Road, N.E., Suite 1500 Atlanta, Georgia 30326).

15. A member of the Putative State Law Class may appear at the Final Approval Hearing and show cause, if any, why the proposed Settlement Agreement should or should not be entered thereon; provided, however, that no member of the Putative State Law Class may appear at the Final Approval Hearing unless he or she no later than sixty (60) calendar days after the mailing of the Settlement Notice and Claim Form Package: (1) files an objection, an entry of appearance, and Notice of Intention to

8

Appear with the Clerk of Courts of the United States District Court for the District of Massachusetts; and (2) serves the same upon Class Counsel and counsel for Defendant, as more fully stated above. If the objector is represented by counsel, the name and address of counsel must also be stated in the Entry of Appearance.

16. The Court approves and appoints CAA as the Claims Administrator, who shall administer the distribution of the Settlement Notice and Claims Forms, as set forth in the Settlement Agreement in Section XII.

17. The Court authorizes the distribution of the proposed Settlement Notice and Claim Form Packages by first-class U.S. mail to members of the Settlement Classes by adopting the following schedule:

| **Deadline** | **Event** |
|---|---|
| Approximately sixty-five (65) days after entry of Order Authorizing Notice Of The Proposed Settlement And Notice Of Final Approval Hearing: | Mailing of Settlement Notice and Claim Form Packages. |
| Thirty (30) calendar days before the Bar Date (which is sixty (60) calendar days after mailing date of Settlement Notice and Claim Form Packages): | Mailing of a reminder postcard to each member of the Settlement Classes reminding them of the Bar Date. |
| Sixty (60) calendar days after mailing date of Settlement Notice and Claim Form Packages: | Last day for members of the Putative State Law Class to "opt out" or to submit a written objection to the settlement (Bar Date). Claims Administrator must receive opt-out on or before sixty (60) calendar days after mailing date of Settlement Notice and Claim Form Packages. Objections, entries of appearance, and notices of intention to appear must be filed with the Court and served on the Parties' counsel on or before sixty (60) calendar days after mailing date of Settlement Notice and Claim Form Packages. |
| Sixty (60) calendar days after mailing date of Settlement Notice and Claim Form Packages: | Last day for members of the Settlement Classes to qualify as an "Authorized Claimant" by timely filing Claim Form Package. Claims Administrator must |

9

| | |
|---|---|
| | receive Claim Form Package on or before sixty (60) calendar days after mailing date of Settlement Notice and Claim Form Packages. |
| Approximately ____ calendar days after date of mailing of Settlement Notice and Claim Form Packages: | Last day for filing documents in support of Final settlement approval. |
| Approximately ____ calendar days after the Court enters its Preliminary Approval Order: | Final Approval Hearing. |
| Within five (5) calendar days after the Final Effective Date (as defined in the Settlement Agreement): | Defendant will deliver funds to the Claims Administrator sufficient to enable the Claims Administrator to satisfy the payment obligations to Authorized Claimants and Class Counsel's fees, costs and expenses (as defined the Settlement Agreement). |
| Within thirty (30) calendar days after the Final Effective Date (as defined in the Settlement Agreement): | Qualified members of the Settlement Classes ("Authorized Claimants") shall be mailed a Settlement Payment (as set forth more fully in the Settlement Agreement) and all members of the Final Settlement Classes will be mailed a copy of the Final Approval Order. |
| One Hundred Twenty (120) calendar days from the date on which the Final Settlement Payments are mailed: | Last day for qualified members of the Settlement Classes who were mailed a Settlement Payment to negotiate settlement check (as set forth more fully in the Settlement Agreement). |

18.     The Court further finds that the distribution of the Settlement Notice and Claim Form Package set forth herein is the best notice practicable under the circumstances, and constitutes due and sufficient notice of this Order to all persons entitled thereto and is in full compliance with the requirements of Fed. R. Civ. P. 23, applicable law, and due process.

10

## SETTING DATE OF FINAL APPROVAL HEARING

19. A Final Approval Hearing shall be held before this Court on \_\_\_\_ day of _____ 2013 at \_\_\_:\_\_0 A.M. in Courtroom 1 of the John Joseph Moakley United States Courthouse, 1 Courthouse Way, Boston, Massachusetts, 00210 to determine (a) whether the settlement set forth in the Settlement Agreement is fair, reasonable, adequate, and in the best interests of the Settlement Classes; (b) whether a Final Judgment as provided in the Settlement Agreement should be entered granting final approval of the settlement; (c) whether, and in what amount, attorneys' fees and expenses should be awarded to Class Counsel; and (d) whether, and in what amount, a Service Payment should be made to the named Plaintiffs.

20. The Court may adjourn and/or continue the Final Approval Hearing without further notice to members of the Settlement Classes.

DONE AND ORDERED, this \_\_\_ day of \_\_\_\_, 2013.

_____
THE HONORABLE JOSEPH L. TAURO
UNITED STATES DISTRICT JUDGE

11