**EXHIBIT A**

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| GENE CINTRON AND ERIN WALTON, individually and on behalf of all others similarly situated;<br><br>Plaintiffs,<br><br>vs.<br><br>BJ'S WHOLESALE CLUB, INC.<br><br>Defendant. | CASE NO. 12-cv-11064-JLT<br><br>JURY TRIAL DEMANDED |

### DECLARATION OF MICHAEL A. JOSEPHSON

Pursuant to 28 U.S.C. §1746, Michael A. Josephson declares as follows:

1. I make this Declaration in support of Plaintiffs' Motion for Final Approval of Settlement and Plaintiffs' Motion for Approval of Attorneys' Fees and Costs. I am fully familiar with the facts and circumstances set forth herein.

### I. FIRM BACKGROUND

2. I am a named partner in Fibich, Hampton, Leebron, Briggs & Josephson, L.L.P. ("FHLBJ"). FHLBJ is one of the preeminent Plaintiff oriented law firms in the country. Since its inception, FHLBJ has been lead counsel and/or held positions of substantial responsibility on steering committees in lawsuits concerning defective products, dangerous drugs, oilfield contamination, wage and hour violations and countless other individual, class and mass tort campaigns against numerous Fortune 500 companies. Additionally, FHLBJ has been involved in several private attorney general lawsuits seeking reimbursement of healthcare dollars expended as a result of false and deceptive marketing by various pharmaceutical companies. All of FHLBJ's attorneys are experienced trial lawyers, with active dockets in both state and federal courts located throughout the country.

3. I am licensed to practice in Texas and Pennsylvania. I have been practicing civil litigation continuously since being admitted to the Texas Bar in December 2000. I have practiced law and been admitted *pro hac vice* in courts located throughout California, Texas, Louisiana, Pennsylvania, New Jersey, Alabama, Illinois, Massachusetts, Mississippi, Oklahoma, South Carolina, and North Carolina.

4. I am in charge of my firm's wage and hour practice. A substantial portion of my time is devoted to challenging illegal wage and hour practices on behalf of current and former employees. My practice has been a "hands-on" approach; meaning that I personally perform the case work in all stages of the litigation, from drafting of the initial complaint to discovery and motion matters, trial and appeal, if necessary. When appropriate, my partners and several associates will assist me in various capacities and under my direct supervision. This "hands-on" approach has produced very favorable results in difficult and complex cases that have required a substantial amount of time, money and effort.

5. I estimate that I have been the attorney of record as either lead counsel or co-counsel in over 450 class and collective actions or individual cases seeking damages for unpaid overtime and wages based on allegations that employees worked off the clock, were misclassified, or were victims of regular rate and/or technical violations of both state and federal wage laws. All of these cases were handled on a contingency basis in which I received a percentage of the recovery and advanced all of the costs of litigation. I estimate that I have represented tens of thousands of employees over the years and have been involved in litigating cases in almost every major industry, including national food processors, retailers, government agencies, call centers, chemical plants, onshore and offshore oil and gas operators and services companies, technical companies, stadium service providers, and litigation service companies. In my practice I have litigated cases on behalf of Plaintiffs in wage and hour class

and collective actions against the most respected employment litigation firms in the United States, including Jackson Lewis; KL Gates, Seyfarth Shaw, Littler Mendelson; Morgan, Lewis & Bockius; Gardere Wynne; Ogletree Deakins; Hunton & Williams; Orrick; Baker & Botts; Jones Walker; and Norton Rose Fulbright.

## II.  OVERVIEW OF LITIGATION AGAINST DEFENDANT

6.  I am lead counsel in *Cintron v. BJ's Wholesale Club, Inc.* which was filed on behalf of allegedly misclassified current and former salaried Loss Prevention Managers ("LPMs"), Asset Protection Managers ("APMs") and Personnel Managers ("PMs") employed by BJ's Wholesale Club, Inc. ("BJ's").

7.  I was assisted in the prosecution of this lawsuit by Philip Gordon, Managing Partner of the Gordon Law Group, LLC.  Mr. Gordon is an experienced wage and hour litigator and the former past President of the Massachusetts Employers Lawyers Association.  *See* Declaration of Philip Gordon attached as Ex. A.  He is a highly respected attorney and a frequent lecturer and author on topics relevant to wage and hour litigation.  Additional information about Mr. Gordon and his firm can be found at www.gordonllp.com.

8.  I have been investigating the classification of the LPM, APM and PM position since 2011.  I have served as the primary contact with Defendant's counsel in almost all matters appurtenant to the handling of this litigation. I have also served as the primary contact with the claims administrator for the class and have primarily responsible for handling the claims and fielding the majority of questions from Class Members concerning the settlement, as well as all day-to-day matters relative to the settlement and claims' processing.

9.  The litigation against BJ's concerning the classification of the LPM, APM and PM position was complex and labor intensive.  Both sides expended considerable effort to investigate the

3

claims and defenses at issues. These efforts allowed the parties to exchange a substantial amount of confidential information related to liability and damages prior to settlement ensuring that both parties were well versed in the facts, circumstances and laws applicable to this litigation prior to engaging in any serious settlement discussions.

### III.   SETTLEMENT, PRELIMINARY APPROVAL AND NOTICE

10. In April 2013, the parties engaged in mediation with Michael Dickstein, a well-respected and experienced wage and hour mediator. The mediation took place in Boston and ultimately resolved the litigation for $2,700,000.00. The terms of the settlement and the parties proposed notice program was approved by this Court on August 12, 2013.

11. Consistent with the Court's preliminary approval order, notice of the settlement was issued to 995 class members on October 18, 2013. The claim period closed on December 18, 2013. To date, over 675 current and former LPMs, APMs and PMs have come forward and made a claim for benefits under the settlement. According to the data provided by the court-approved claims administrator, these individuals represent over 68% of the settlement classes and have claimed approximately 80% (over $1,300,000.00) of the available settlement funds. Not one class member objected to any of the terms of the settlement or otherwise sought to exclude themselves. Having participated in hundreds of settlements involving wage and hour claims, I can honestly attest that these high participation levels are indicative of a fair and reasonable settlement—one that was viewed favorably by the settlement classes.

### IV.   ATTORNEYS' FEES AND COSTS

12. As part of the settlement preliminarily approved by this Court, Class Counsel is seeking 33% of the total settlement fund or $891,100.00 as a fee for the substantial worked performed during the past three years. The 33% requested represents a 7% reduction from the 40% contingency

fee agreed to by the Class Members at the inception of this litigation.

13. In my opinion, and based on my experience as Class Counsel in other class action settlements and my knowledge of the prevailing market rate in wage and hour class and collective actions in this District and others, the requested fee of 33% is reasonable and appropriate. The amount of work performed by Class Counsel in this case was substantial and necessary given the complexities of this case and the innumerable factual and legal issues involved. However, the time and effort expended ensured that Class Counsel was well informed and in the best possible position to attain an incredible result for the Class Members.

14. Class Counsel is seeking reimbursement of $16,652.25 in reasonable and necessary out-of-pocket costs incurred by Class Counsel from the beginning of this litigation. These out-of-pocket costs consist of litigation expenses, filing fees, mediation costs and travel expenses.

15. The costs incurred are reflected on the books and records of this firm, which are available for submission to the Court upon request. As with the litigation as whole, Class Counsel was aware that none of these expenses would have been recoverable had this lawsuit or any of the consolidated cases not been successfully resolved. This of course motivated Class Counsel to take significant steps to minimize expenses whenever practicable to reduce the potential risk of non-payment, without jeopardizing the Class Members or Class Counsel's ability to vigorously prosecute this case.

## V. FINAL APPROVAL/OPINION OF SETTLEMENT

16. As discussed above, this settlement was the result of arm's-length negotiations, conducted by experienced counsel for all parties and after extensive discovery and litigation had been undertaken. Prior to settlement each side independently and thoroughly investigated the claims and defenses at issue. The work performed allowed each party to intelligently, and in good faith, weigh

both the risks and benefits of settlement as compared to continued litigation. These efforts culminated in a substantial settlement which provided the Class Members with an opportunity to resolve their claims against Defendant in a very meaningful way.

17.   From my discussions with Class Members and based on my experience in litigating wage and hour cases for the past eleven years, I wholeheartedly endorse this settlement and believe that it is truly in the best interests of all parties. For all of the reasons set forth herein, I believe that this Court should honor the terms of the settlement and give it final approval.

18.   I declare under penalty of perjury, that the information contained in this declaration is accurate and truthful.

Date: January 21, 2014

_____
Michael Josephson
Attorney for Plaintiffs

**EXHIBIT A**

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| **GENE CINTRON, individually and on behalf of all other similarly situated;**<br><br>**Plaintiffs,**<br>           - against -<br><br>**BJ'S WHOLESALE CLUB, INC.**<br><br>**Defendant.** | CASE NO. 1:12-cv-11064-JLT |

**DECLARATION OF PHILIP J. GORDON, ESQ.
IN SUPPORT OF MOTION FOR FINAL APPROVAL**

      I, Philip J. Gordon, an attorney duly admitted to practice before this Court and counsel of record for the Plaintiff in this action, hereby state the following under the penalties of perjury:

1. I am an attorney licensed to practice law in the Commonwealth of Massachusetts. I do so as Managing Partner of the law firm of Gordon Law Group, LLP, 585 Boylston Street, Boston, MA 02116.

2. I and my firm, along with Michael A. Josephson and Fibich, Hampton, Leebron, Briggs & Josephson, LLP, represent the court appointed Class Representatives in the above-captioned action.

3. I and my firm's practice focuses on representing employees in claims under the Fair Labor Standards Act and the Massachusetts wage statutes. Over 90% of our practice involves cases in this area of the law, commonly referred to as Wage and Hour Claims.

4. I and my firm serve or have served as class counsel in numerous wage and hour class and collective actions litigated through final approval and judgment, most recently: Kuehl, et. al. v. D&R General Contracting, Inc., et. al., Mass.Sup.Ct., Civil Action No. 09-0602 (judgment entered 2013); Bassett, et. al. v. Responsive Trucking, Mass.Sup.Ct., Civil Action No. 10-778 (judgment entered 2013); Pelletier v. J&L Cable TV Services, Inc., Joseph DaSilva, and Linda DaSilva, Civil Action No. 1:09-12057 (D.Mass.) (judgment entered 2011); Winnell v. Couto, et. al., Civil Action No. 09-1507-BLS2 (Mass.Sup.Ct., Bus. Lit. Session) (judgment entered 2010); Salvas v. Wal-Mart Stores, Inc., Civil Action No. 01-03645 (Mass.Sup.Ct.) (judgment entered 2010); McCandless v. Staples, Inc., Civil Action No. 07-CV-11850 (D.Mass.) (judgment entered 2010); Carter v. Newton

      Hospitality, Inc., et. al., Civil Action No. 07-3383 (Mass.Sup.Ct.) (judgment entered 2009); Chach, et. al. v. Michael Bianco, Inc., et. al., Civil Action No. 07-10915-RGS (D.Mass.) (judgment entered 2009); Macone v. Pongratz Enterprises, Civil Action No. 07-11360 (D.Mass.) (judgment entered 2009).

5. I have served as President of the Massachusetts Employment Lawyers Association, the local chapter of the National Employment Lawyers Association, and as Chair of its Wage and Hour Committee.  I have also authored or co-authored Amicus Briefs for the organization to the Supreme Judicial Court in the following matters: Don DiFiore & Others v. American Airlines, SJC-10313 (April 3, 2009) (regarding class action rules in wage and hour cases and retroactivity of the mandatory treble damages provision of the Wage Act); Electronic Data Systems Corp. v. Attorney General, SJC-10260 (October 24, 2008) (regarding the treatment of vacation time as wages); Eigerman v. Putnam Investments, SJC-09854 (Nov. 5, 2007) (regarding the covenant of good faith and fair dealing in employment contracts).

6. I have testified before the Joint Committee on Labor and Workforce Development in connection with numerous bills concerning wage and hour and other employment matters in Massachusetts, and have authored numerous amicus briefs on similar issues.  I have published regularly on the subject of proper wage enforcement and have been quoted or featured on wage issues in journals, periodicals, television and radio.

7. Prior to founding Gordon Law Group, LLP, I served as General Counsel of GenuOne, Inc., and prior to that I was as an Associate at Hale and Dorr, LLP (now WilmerHale). Following law school, I served as a Judicial Law Clerk to Justice Charles Fried of the Supreme Judicial Court of Massachusetts.

8. I am of the opinion that the settlement at issue is fair, reasonable and adequate, and is in the best interests of the Settlement Classes.

Signed under the pains and penalties of perjury this January 21, 2014.

                                    */s/ Philip J. Gordon*
                                    Philip J. Gordon (BBO #630989)
                                    GORDON LAW GROUP LLP
                                    585 Boylston Street
                                    Boston, Massachusetts 02116
                                    Phone:  (617) 536-1800
                                    Fax:  (617) 536-1802