UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| GENE CINTRON AND ERIN WALTON, individually and on behalf of all other similarly situated;<br><br>Plaintiffs,<br>          - against -<br><br>BJ'S WHOLESALE CLUB, INC.<br><br>Defendant. | CASE NO. 1:12-cv-11064-JLT |

ORDER ON UNOPPOSED MOTION
FOR FINAL APPROVAL OF SETTLEMENT

This matter comes before the Court on the motion of Plaintiffs, by their counsel Fibich, Hampton, Leebron, Briggs & Josephson, LLP and Gordon Law Group ("Class Counsel"); and by Defendant BJ's Wholesale Club, Inc. ("Defendant") and by their counsel Littler Mendelson, P.C., for an order and judgment finally approving the Parties' Stipulation and Settlement Agreement ("Settlement Agreement") dated August 1, 2013 and dismissing with prejudice all claims and actions in this case (the "LITIGATION"). After reviewing the Settlement Agreement and other related materials submitted by the parties, including the Plaintiffs' Unopposed Motion For Final Approval of Settlement, the Parties' Settlement Agreement, and the Declarations of Michael A. Josephson and [CAA REPRESENTATIVE] filed in support thereof, and otherwise being fully informed in the premises, the Court hereby enters the following Final Order and Judgment:

1. This Court has jurisdiction over the subject matter of these actions and over all parties to these actions pursuant to 28 U.S.C. § 1331, 29 U.S.C. § 216(b) and 28 U.S.C. § 1367(a), including all members of the Settlement Classes, preliminarily certified for settlement purposes only, by Order dated August 12, 2103 ("Preliminary Approval Order"), and as defined as:

> (A) "PUTATIVE STATE LAW CLASS," which refers to any and all persons employed by Defendant as a Loss Prevention Manager, Asset Protection Manager, and/or Personnel Manager in Connecticut, Delaware, Florida, Georgia, Maine, Maryland, Massachusetts, New Hampshire, New Jersey, New York, North Carolina, Ohio, Pennsylvania, Rhode Island, and/or Virginia from July 19, 2009 through and including August 12, 2013
>
> (B) "PUTATIVE FLSA CLASS," which refers to any and all persons employed by Defendant as a Loss Prevention Manager, Asset Protection Manager, and/or Personnel Manager from July 19, 2009 through and including August 12, 2013

(collectively, the "Settlement Classes").

2. The Court finds that the PUTATIVE STATE LAW CLASS, as defined above, satisfies the requirements of Fed. R. Civ. P. Rule 23(a) and is maintainable under Rule 23(b)(3), and that the PUTATIVE FLSA CLASS satisfies the requirements to be maintainable as a collective action under 29 U.S.C. § 216(b). The Court finally certifies the Settlement Classes for purposes of settlement of this action only.

3. The Notice of Settlement of Class and Collective Action ("Settlement

Notice") given to the members of the Settlement Classes adequately informed the class members of, among other things, the terms of the Settlement Agreement, the process available to them to obtain monetary relief, their right to opt out of the monetary provisions and pursue their own remedies and their opportunity to file written objections and to appear and be heard at the final approval hearing regarding the approval of the Settlement Agreement. The Class Notice also adequately informed the members of the Settlement Classes of a toll-free number for the Claims Administrator and a website at which they could access additional information regarding the case and settlement. The Court finds that the Class Notice provided satisfied the requirements of Fed. R. Civ. P. 23(e)(1)(B).

4. The Court hereby approves the proposed Settlement Agreement and finds that the settlement is fair, reasonable and adequate to all members of the Settlement Classes. The Court finds that extensive investigation, research and litigation has been conducted such that counsel for the parties are able to evaluate their respective risks of further litigation, including the additional costs and delay associated with the further prosecution of this action. The Court further finds that the Settlement Agreement has been reached as the result of intensive, arms-length negotiations, including mediation with an experienced third party neutral.

5. In accordance with the Settlement Agreement, Defendant shall provide funds to the Claims Administrator so that the SETTLEMENT PAYMENTS for AUTHORIZED CLAIMANTS are mailed within thirty (30) days of the "FINAL EFFECTIVE DATE" as defined in the Settlement Agreement.

6. Class Counsel shall be awarded thirty-three (33%) percent of the

Maximum Gross Settlement Amount ($2,700,000) for fair and reasonable attorneys' fees, as well as ____ for fair and reasonable costs and expenses incurred in the prosecution of this litigation, such award to be paid from the Maximum Gross Settlement Amount in full compromise and satisfaction of all attorneys' fees, costs and expenses incurred by Class Counsel as specified in the Settlement Agreement, and it is ordered that the Claims Administrator shall provide payment of these attorneys' fees, costs and expenses to Class Counsel within seven (7) days of the "FINAL EFFECTIVE DATE" as defined in the Settlement Agreement.

7. Service payments, as set forth in Section VIII of the Settlement Agreement, are approved for Plaintiffs Gene Cintron and Erin Walton, who performed substantial services for the benefit of the Settlement Classes. Such awards are to be paid from the Maximum Gross Settlement Amount as specified in the Settlement Agreement.

8. Class Counsel's application for the payment of the reasonable fees, costs and expenses of the Claims Administrator is approved and are to be paid from the Maximum Gross Settlement Amount as specified in the Settlement Agreement.

9. Class Counsel's application for the payment of the reasonable fees, costs and travel-related expenses of the Mediator (as defined in the Settlement Agreement) are to be paid from the Maximum Gross Settlement Amount as specified in the Settlement Agreement.

10. The Court finds and determines that the payments to be made to the members of the Settlement Classes, as provided in the Settlement Agreement are fair, reasonable and adequate and gives final approval to and orders that those payments be made to the members of the Settlement Classes who submitted valid timely Claim Forms

and W-9 Forms in accordance with the Settlement Agreement and whose Claim Forms were approved by the Claims Administrator.

11. This Court hereby dismisses all claims released in the Settlement Agreement of the Parties on the merits and with prejudice ("RELEASED CLAIMS" as defined in the Settlement Agreement) and without costs to any of the parties as against any other settling party, except as provided in the Settlement Agreement.

12. The Court further orders that any potential member of the PUTATIVE STATE LAW CLASS who did not timely opt out of this case (member of the "STATE LAW SETTLEMENT CLASS") and their respective agents, attorneys, heirs, beneficiaries, devisees, legatees, executors, administrators, trustees, conservators, guardians, estates, personal representatives, exclusive bargaining agents, successors-in-interest, and assigns, heirs, beneficiaries, devisees, legatees, executors, administrators, trustees, conservators, guardians, personal representatives, successors-in-interest and assigns (collectively, the "STATE LAW RELEASING PERSONS") are hereby barred and permanently enjoined from prosecuting, commencing or continuing any and all past and present matters, disputes, claims, demands, rights, liabilities, expenses, damages, losses of any kind, and causes of action of any kind whatsoever, whether at common law, pursuant to statute, ordinance, or regulation, in equity or otherwise, and whether arising under federal, state, or other applicable law, which any STATE LAW RELEASING PERSON has or might have, known or unknown, asserted or unasserted, of any kind whatsoever, even if presently unknown and/or un-asserted, that occurred at any time up to and including August 12, 2013 against Defendant and each of its past, present, and future parent companies, affiliates, subsidiaries, divisions, predecessors, successors,

partners, owners, joint venturers, affiliated organizations, shareholders, insurers, reinsurers and assigns, and each of its/their past, present and future officers, directors, trustees, agents, employees, attorneys, contractors, representatives, plan fiduciaries and/or administrators, benefits plans sponsored or administered by Defendant, divisions, units, branches and any other persons or entities acting on their behalf, including any party that was or could have been named as a defendant in the Litigation and any individual or entity which could be jointly liable with Defendant and any other persons or entities acting on its behalf, including any party that was or could have been named as a defendant in the Litigation ("RELEASED PERSONS") including without limitation (pursuant to Section IX.A. of the Settlement Agreement): (1) any and all claims asserted in the LITIGATION; (2) any and all claims for unpaid wages, minimum wages, liquidated damages, attorneys' fees, costs and expenses, pre- and post-judgment interest, overtime, or non-payment of wages, retaliation for complaining about wages or for asserting wage-related claims and/or any other claims of any kind, or any other wage-related or recordkeeping-related claims, damages or relief of any kind including but not limited to the FLSA, 29 U.S.C. § 201, *et seq.*; (3) all wage-related claims under state or common law as detailed in Section IX.A.3 of the Settlement Agreement; (4) any and all claims under state and federal law for breach of express contract or labor agreement (for earned wages, overtime, and/or and missed or interrupted meal breaks), implied contract, money had and received in assumpit, quantum meruit/unjust enrichment, fraud, negligent misrepresentation, equitable estoppel, promissory estoppel, conversion, and failure to keep accurate records; (5) any and all claims pursuant to or derived from ERISA, 29 U.S.C. § 1001, *et seq.,* based on any alleged failure to pay wages, including but not

limited to minimum wages or overtime wages; (6) any and all claims for attorneys' fees, costs and expenses; and (7) any and all wage-and-hour laws or wage-related claims of any kind under any other laws, including but not limited to any and all such claims pursuant to other federal, local, or other states' laws and/or regulations. Any STATE LAW RELEASING PERSON who did not timely opt into this case is not barred by this Order from pursing FLSA claims against Defendant.

13. All persons who are members of the PUTATIVE FLSA CLASS who timely opted into this case by timely filing a Claim Form and W-9 Form (member of the "FLSA SETTLEMENT CLASS") and their respective agents, attorneys, heirs, beneficiaries, devisees, legatees, executors, administrators, trustees, conservators, guardians, estates, personal representatives, exclusive bargaining agents, successors-in-interest, and assigns, heirs, beneficiaries, devisees, legatees, executors, administrators, trustees, conservators, guardians, personal representatives, successors-in-interest and assigns (collectively, the "FLSA RELEASING PERSONS") are hereby barred and permanently enjoined from prosecuting, commencing or continuing any and all past and present matters, disputes, claims, demands, rights, liabilities, expenses, damages, losses of any kind, and causes of action of any kind whatsoever, whether at common law, pursuant to statute, ordinance, or regulation, in equity or otherwise, and whether arising under federal, state, or other applicable law, which any FLSA RELEASING PERSON has or might have, known or unknown, asserted or unasserted, of any kind whatsoever, even if presently unknown and/or un-asserted, that occurred at any time up to and including August 12, 2013 against Defendant and each of its past, present, and future parent companies, affiliates, subsidiaries, divisions, predecessors, successors, partners,

owners, joint venturers, affiliated organizations, shareholders, insurers, reinsurers and assigns, and each of its/their past, present and future officers, directors, trustees, agents, employees, attorneys, contractors, representatives, plan fiduciaries and/or administrators, benefits plans sponsored or administered by Defendant, divisions, units, branches and any other persons or entities acting on their behalf, including any party that was or could have been named as a defendant in the Litigation and any individual or entity which could be jointly liable with Defendant and any other persons or entities acting on its behalf, including any party that was or could have been named as a defendant in the Litigation ("RELEASED PERSONS") including without limitation (pursuant to Section IX.A. of the Settlement Agreement): (1) any and all claims asserted in the LITIGATION; (2) any and all claims for unpaid wages, minimum wages, liquidated damages, attorneys' fees, costs and expenses, pre- and post-judgment interest, overtime, or non-payment of wages, retaliation for complaining about wages or for asserting wage-related claims and/or any other claims of any kind, or any other wage-related or recordkeeping-related claims, damages or relief of any kind including but not limited to the FLSA, 29 U.S.C. § 201, *et seq.*; (3) all wage-related claims under state or common law as detailed in Section IX.A.3 of the Settlement Agreement; (4) any and all claims under state and federal law for breach of express contract or labor agreement (for earned wages, overtime, and/or and missed or interrupted meal breaks), implied contract, money had and received in assumpit, quantum meruit/unjust enrichment, fraud, negligent misrepresentation, equitable estoppel, promissory estoppel, conversion, and failure to keep accurate records; (5) any and all claims pursuant to or derived from ERISA, 29 U.S.C. § 1001, *et seq.*, based on any alleged failure to pay wages, including but not limited to minimum wages

or overtime wages; (6) any and all claims for attorneys' fees, costs and expenses; and (7) any and all wage-and-hour laws or wage-related claims of any kind under any other laws, including but not limited to any and all such claims pursuant to other federal, local, or other states' laws and/or regulations. Any member of the PUTATIVE FLSA CLASS who did not timely opt into this case is not barred by this Order from pursing FLSA claims against Defendant.

14. Plaintiffs Gene Cintron and Erin Walton and their respective agents, attorneys, heirs, beneficiaries, devisees, legatees, executors, administrators, trustees, conservators, guardians, estates, personal representatives, exclusive bargaining agents, successors-in-interest, and assigns, heirs, beneficiaries, devisees, legatees, executors, administrators, trustees, conservators, guardians, personal representatives, successors-in-interest and assigns are hereby barred and permanently enjoined from prosecuting, commencing or continuing any and all past and present matters, disputes, claims, demands, rights, liabilities, expenses, damages, losses of any kind, and causes of action of any kind whatsoever, whether at common law, pursuant to statute, ordinance, or regulation, in equity or otherwise, and whether arising under federal, state, or other applicable law, which either of them has or might have, known or unknown, asserted or unasserted, of any kind whatsoever, even if presently unknown and/or un-asserted, that occurred at any time up to and including August 12, 2013 against Defendant and each of its past, present, and future parent companies, affiliates, subsidiaries, divisions, predecessors, successors, partners, owners, joint venturers, affiliated organizations, shareholders, insurers, reinsurers and assigns, and each of its/their past, present and future officers, directors, trustees, agents, employees, attorneys, contractors, representatives,

plan fiduciaries and/or administrators, benefits plans sponsored or administered by Defendant, divisions, units, branches and any other persons or entities acting on their behalf, including any party that was or could have been named as a defendant in the Litigation and any individual or entity which could be jointly liable with Defendant and any other persons or entities acting on its behalf, including any party that was or could have been named as a defendant in the Litigation ("RELEASED PERSONS") including without limitation: (1) any and all claims of any kind, including but not limited to the claims asserted in the LITIGATION; (2) any and all claims for unpaid wages, minimum wages, liquidated damages, attorneys' fees, costs and expenses, pre- and post-judgment interest, overtime, or non-payment of wages, retaliation for complaining about wages or for asserting wage-related claims and/or any other claims of any kind, or any other wage-related or recordkeeping-related claims, damages or relief of any kind including but not limited to the FLSA, 29 U.S.C. § 201, *et seq.*; (3) all wage-related claims under state or common law as detailed in Section IX.A.3 of the Settlement Agreement; (4) any and all claims under state and federal law for breach of express contract or labor agreement (for earned wages, overtime, and/or and missed or interrupted meal breaks), implied contract, money had and received in assumpit, quantum meruit/unjust enrichment, fraud, negligent misrepresentation, equitable estoppel, promissory estoppel, conversion, and failure to keep accurate records; (5) any and all claims pursuant to or derived from ERISA, 29 U.S.C. § 1001, *et seq.*, based on any alleged failure to pay wages, including but not limited to minimum wages or overtime wages; (6) any and all claims for attorneys' fees, costs and expenses; and (7) any and all wage-and-hour laws or wage-related claims of

any kind under any other laws, including but not limited to any and all such claims pursuant to other federal, local, or other states' laws and/or regulations.

15. The Court further orders that the Claims Administrator will send a copy of the Final Approval Order to members of the Final Settlement Classes at the same time the Claims Administrator mails the settlement payments.

15. As provided for in Section XIII of the Settlement Agreement, if the settlement is terminated or cancelled pursuant to the terms of the Settlement Agreement, then the Settlement Agreement, and the certification of the Settlement Classes provided for herein, will be vacated and the Litigation shall proceed as though the Settlement Classes had never been certified, without prejudice to any party's position on the issue of class or collective action certification or any other issue, and the Amended Complaint shall be withdrawn.

16. The Court retains jurisdiction over this action and the parties to administer, supervise, interpret and enforce the Settlement Agreement and this Order.

DONE AND ORDERED, this 4 day of February, 2014.

_____
THE HONORABLE JOSEPH L. TAURO
UNITED STATES DISTRICT JUDGE